## CARRIE R. THWING *et al.* vs. PETER DOYE.

1. Under the civil procedure, Oklahoma statutes, 1890, the court controled the time of filing pleadings, and the making of issues, and under said code it was error to render judgment as of a default on the sustaining of a demurrer to the answer and cross complaint in the absence of defendant and his counsel without giving an opportunity to amend or plead over—no rule or order having been entered setting said matter for a day certain.

2. Under code, civil procedure, 1890, a motion for a new trial was filed in time, if filed during the term at which the judgment was rendered.

*Error from the District Court of Logan County.*

*H. R. Thurston*, for plaintiff in error.

*Wisby & Hornor*, for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: Peter Doye began his action in the district court of Logan county in June, 1893, to fore-

close a mortgage on lots 3, 4 and 5, of S. W. ¼, sec. 31, twp. 17, N. R. 2 west, and for judgment on the note secured by the mortgage.

It is disclosed by the pleadings that Henry Lorie and Mollie Lorie, as husband and wife, on June 17, 1892, executed their promissory note to Peter Doye for the sum of one hundred and thirty dollars, payable one year after date, with twelve per cent. interest, and to secure said note executed the mortgage in question. On October 23, 1893, Lorie and wife conveyed the real estate by warranty deed to Carrie R. Thwing, subject to the mortgage of Doye.

Carrie R. Thwing filed her answer to Doye's petition alleging (1) the general denial; (2) that she was the owner in fee of the real estate in question, and that said mortgage was executed at a time when the real estate was public land and the title in the United States, and that the mortgage was a cloud upon her title and she prayed for a decree canceling the mortgage and quieting her title; (3) that said mortgage was executed upon the eighty acres of land which constituted the homestead of the mortgagor, and for that reason was void, and she asks for a deceee canceling the mortgage lien.

To the answer and cross bill the plaintiff Doye demurred.

No action was taken on the demurrer until October 23, 1893, when in the absence of the defendant, Thwing, and her attorney, the demurrer was sustained by the court; the defendant defaulted and trial had to the court, and judgment rendered in favor of plaintiff on the note, and a decree entered foreclosing the mortgage and ordering the sale of the real estate.

During the term the defendant, Thwing, moved for a new trial, and assigned as one of the causes, that she was taken by surprise; that the cause had not been regularly assigned on the calendar for trial, and that

she or her attorney had not actual notice of the ruling on the demurrer, and that she was given no opportunity to plead over, or amend her pleadings. This motion was supported by the affidavits of the defendant, and her attorney, and there is nothing in the record to controvert the statements made in the motion. The proceedings were had under the code of civil procedure of 1890, and the motion for new trial was filed in time if filed during the term.

The motion for new trial was overruled, and this action of the trial court is assigned as error.

We are furnished with no briefs in the case, and will not discuss the question as to whether or not the ruling on the demurrer was correct. Under the civil procedure, Statutes of 1890, the court had a right to control the time of filing pleadings, and the making of issues, and the time of trial of causes; but this should be done by proper orders and rules, of which litigants were entitled to notice, that they might comply with the same. It was error in the trial court to render judgment by default on the sustaining of a demurrer, in the absence of the party or counsel, without giving the party whose pleadings had been held insufficient, opportunity to plead over, or to elect to stand upon the demurrer.

Objection was also made that the demurrer was filed out of time without leave of court. There was no statutory time within which pleadings should be filed under the code governing the procedure in this case.

Other alleged errors are assigned, but we need not examine them, as they may not arise again.

The judgment is reversed, and the district court directed to give the defendant, Carrie R. Thwing, time in which to amend her answer and cross complaint.

By the court: It is so ordered.

Dale, C. J., not sitting; all the other Justices concurring.